[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14715
Non-Argument Calendar

_____

D. C. Docket No. 07-00107-CV-5-RS-MD

JOSEPH CHESTER PARZYCK, III,

Plaintiff-Appellant,

versus

PRISON HEALTH SERVICES, INC.,
D. BRAXTON,
ARNP/ACI,
CELESTE MACDONALD,
ARNP/ACI,
S. BASFORD,
ARNP/ACI,
RHONDA MCALPIN,
SHSA/ACI, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 21, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Joseph Parzyck, III, ("Parzyck"), a state prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his second amended 42 U.S.C. § 1983 complaint, alleging deliberate indifference to his serious medical needs regarding his back condition. On appeal, Parzyck argues that the district court erred by dismissing his § 1983 claim because he established that each defendant demonstrated deliberate indifference to a serious medical condition, from which they knew Parzyck suffered. Specifically, Parzyck asserts that the following allegations state claims upon which relief can be granted: (1) Dr. M. Suarez's delay in providing care while Parzyck was in obvious need of medical attention; (2) Dr. Juan Nunez's failure to complete properly a consultation form ordering a neurological consultation; (3) Dr. D. Cherry's denial of Parzyck's request for a consultation; and (4) Prison Health Services, Inc.'s ("PHS") denial of adequate medical services through its policies and the customs of the employees it hired.

The district court sua sponte dismissed Parzyck's complaint for failure to state a claim. Civil cases filed by prisoners requesting leave to proceed are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii)

2

fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2).

We review a district court's sua sponte dismissal for failure to state a claim de

novo, using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals.

Farese v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003).  In making the

determination, "[p]ro se pleadings are held to a less stringent standard than

pleadings drafted by attorneys and will, therefore, be liberally construed."

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (28 U.S.C. §

2255 context).

As the Supreme Court has stated, "deliberate indifference to serious medical

needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'

proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104, 97 S.

Ct. 285, 291 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 182-83, 96 S. Ct.

2909 (1976)).  However, "[t]he inadvertent or negligent failure to provide adequate

medical care cannot be said to constitute an unnecessary and wanton infliction of

pain."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation

marks omitted).

A plaintiff attempting to prove an Eighth Amendment violation must

demonstrate both that there was an objectively serious medical need and that prison

personnel were deliberately indifferent to that need.  Id.  A serious medical need is

3

"one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994). In either situation, the need must be "one that, if left unattended, poses a substantial risk of serious harm." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks omitted). Deliberate indifference has three elements: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Deliberate indifference can occur where the prison official knows of the prisoner's medical need, but delays care unnecessarily or does not provide care at all. Farrow, 320 F.3d at 1246. Deliberate indifference can also occur where the care given is so cursory as to amount to no treatment at all. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985).

The district court did not err in dismissing Parzyck's claims against Dr. Nunez, Dr. Suarez, and Prison Health Services for failure to state a claim. With respect to PHS, Parzyck fails to make any specific factual allegations; he alleges only that their unwritten policies, practices, and protocols were deliberately indifferent without specifying in what manner the policies were deficient.

With respect to Dr. Nunez, Parzyck's second amended complaint alleges that

4

Nunez violated Parzyck's Eighth Amendment rights by failing to indicate on a consultation form that Parzyck needed a neurological consultation. Nunez had concluded that Parzyck did need the consultation and told Parzyck as much. Parzyck does not allege that Nunez's failure to complete the form properly was motivated by ill-will or maliciousness. At most, Nunez's actions were negligent, which does not give rise to an Eighth Amendment violation. Farrow, 320 F.3d at 1243. Therefore, the dismissal of the claim against Nunez was proper.

Parzyck alleges that Suarez violated his Eighth Amendment rights because Parzyck was forced to wait ninety minutes, in extreme pain, before Suarez could examine him. There is no allegation that Suarez knew that Parzyck was in pain while he waited. Subjective knowledge of the prisoner's medical need is a requirement of a deliberate indifference cause of action. McElligott, 182 F.3d at 1255. Therefore, the claim against Suarez was properly dismissed.

However, Parzyck's claim against Dr. Cherry should not have been dismissed. Parzyck's second amended complaint alleges that Cherry violated his Eighth Amendment rights by twice denying him a consultation with an orthopedic specialist, which had been recommended by another doctor. The district court found that the denials of a consultation were simply a disagreement about appropriate treatment between two doctors, and therefore not an actionable claim

5

under the Eighth Amendment. However, after Cherry's first denial of a consultation, Parzyck continued to experience severe pain. His condition prevented him from walking normally and caused him extreme pain on a daily basis; there can be no doubt that, taking Parzyck's allegations as true, his condition presented a serious medical need. Cherry was aware of Parzyck's condition and the inefficacy of the treatment afforded by the prison medical staff, but denied Parzyck's second request for an orthopedic consultation. Medical treatment that is so cursory as to provide no treatment at all gives rise to a claim of deliberate indifference. See Ancata, 769 F.2d at 704. In this case, Cherry's repeated denial of an orthopedic consultation and the minimal treatment provided by the prison medical staff instead can be construed as so cursory as to afford Parzyck no treatment at all. Therefore, dismissal of Parzyck's claim against Cherry was in error.

Accordingly, we affirm the district court's dismissal of Parzyck's § 1983 claim in part, and vacate and remand it in part.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.